UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER M. JOHNSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-1017-HAB-SLC |
| CENTURION HEALTH, et al., | |
| Defendants. | |

OPINION AND ORDER

Christopher M. Johnson, a prisoner without a lawyer, filed a vague complaint against ten separate defendants with seemingly unrelated claims. ECF 1. He seeks injunctive relief in the form of an order that he be provided with specific mental health and pain medications, a cane, and a wheelchair. He also seeks monetary damages.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson alleges that he suffers from several mental health conditions and, since August 2022, the mental health provider at Westville Correctional Facility has refused him medications that were previously prescribed, including Wellbutrin, Buspar, and

Seroquel. Johnson claims this demonstrates deliberate indifference to his serious medical needs. Johnson does not provide any further information about his mental health symptoms or any treatment that has been available to him. He also has not identified the provider he is referring to in any way or described any of his interactions with this provider. He alleges only that the current providers have not followed a plan that was previously followed.

Johnson is also suing Medical Director Bridegroom, Dr. Leiaw, and Medical Provider Jackson. Johnson alleges that each have seen him for his permanent foot injury and neuropathy. He further alleges that an unnamed orthopedic specialist and unnamed neurology specialist previously developed a plan of care for him that was intended to persist throughout his life. That plan allegedly included medications (gabapentin, morphine, and Raxicodone) and assistive devices (a wheelchair, cane, back brace, and heel gel pads). Johnson alleges that Medical Director Bridegroom, Dr. Leiaw, and Medical Provider Jackson know about the plan, which is in his medical records, but refuse to follow it. He claims that he does not have a cane or wheelchair, and that this constitutes deliberate indifference to his serious medical needs and disability discrimination. But, he does not describe any communications he has had with Medical Director Bridegroom, Dr. Leiaw, or Medical Provider Jackson. He likewise does not explain what treatment, if any, he has received.

He is suing Warden Galapo and Assistant Warden Gann because they allegedly knew about the failure to follow his specialists' treatment plans and did nothing to intervene. He further alleges that they directed a member of the medical staff to take

Johnson's wheelchair and cane, but he cannot shower without the wheelchair because he cannot get to the shower. He alleges that the shower does not have handrails or a chair to accommodate handicapped individuals.

Johnson also alleges that, since October 7, 2023, he has had no washcloth, towel, or change of under clothing. He does not indicate which of the defendants is responsible for failing to provide him with these items and does not describe any interactions with defendants concerning these matters.

Johnson has sued Centurion Health because its staff knows about his plan of treatment devised by specialists but has not ensured that it is followed. However, even if failure to follow that plan amounted to a constitutional violation, "a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). Because Johnson's allegations against Centurion Health are based only on the alleged poor decisions that its staff made in connection with his care, he cannot proceed against Centurion Health.

Johnson has sued the Westville Correctional Facility because he is within their jurisdiction, and they contracted with Centurion Health. The Westville Correctional Facility is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, he cannot proceed against the Westville Correctional Facility.

Because Johnson has not provided sufficient details regarding his allegations, the court cannot determine if the claims raised in his complaint are sufficiently related to be

litigated in the same action. He is, however, cautioned that the wide array of claims he is attempting to bring here do not appear to be related, and he may not sue different defendants based on unrelated events in a single lawsuit. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017).

Johnson will be granted an opportunity to file an amended complaint containing only related claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). If he decides to file an amended complaint, he must use this court's approved prisoner complaint form, as required by Northern District of Indiana Local Rule 7-6. He does not need to use legal phrases, cite to legal authority, or provide legal analysis; he simply needs to explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing details about what occurred but avoiding legal phrases and citations. He should use each defendants name every time he references them in the complaint.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and send it to Christopher M. Johnson along with a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form;[1]

---

[1] Should Johnson require additional forms, he may request them from the clerk.

(2) GRANTS Christopher M. Johnson until **March 13, 2024**, to file an amended complaint containing only related claims on the form with this case number sent to him by the clerk; and

(3) CAUTIONS Christopher M. Johnson that, if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED on February 13, 2024.

s/Holly A. Brady
CHIEF JUDGE
UNITED STATES DISTRICT COURT