UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER M. JOHNSON,

Plaintiff,

v.   CAUSE NO. 3:23-CV-1017-HAB-SLC

CENTURION HEALTH, et al.,

Defendants.

OPINION AND ORDER

Christopher M. Johnson, a prisoner without a lawyer, initiated this case by filing a vague complaint against ten separate defendants with seemingly unrelated claims. ECF 1. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). In screening Johnson's complaint (ECF 12), the court noted that, because Johnson did not provide sufficient details regarding his allegations, the court could not determine which claims raised in his complaint were sufficiently related to be litigated in the same action. Johnson was granted an opportunity to file an amended complaint containing only related claims. The court explained that, if he filed an amended complaint, he simply needed to explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing details about what occurred but avoiding legal phrases and citations.

Johnson has now filed two separate complaint forms in this case. One is labeled an amended complaint (ECF 15) and the other is labeled as a preliminary injunction

(ECF 16). It is unclear why Johnson is using a complaint form to request a preliminary injunction, but in the interest of efficiency, the complaint form labeled as a preliminary injunction will be construed as a motion for preliminary injunction.[1]

The current complaint names three defendants: Centurion Health of Indiana, LLC, Andrew Liaw, M.D., and Monica Wala, Psy.D. He seeks damages in the amount of $9,999,000.00. His amended complaint does not request injunctive relief, but his motion for a preliminary injunction asks that the defendants be ordered to provide him with Wellbutrin, Seroquel, Buspar, Gabapentin, Roxicodone, Morphine, and full access to his wheelchair and cane. ECF 16 at 4.

Johnson is suing Dr. Wala for allegedly inadequate mental health treatment, and he is suing Dr. Liaw for allegedly inadequate treatment relating to his foot. He is also suing Centurion Health of Indiana, LLC. The court has already explained to Johnson that he does not have a viable claim against Centurion because "a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). Johnson's allegations against Centurion in the amended complaint, like his allegations in his original complaint, are based only on the alleged poor decisions that its staff made in connection with his care. Therefore, he cannot proceed against Centurion.

Johnson's remaining claims against Dr. Wala and Dr. Liaw are not related. Because the court has already explained to Johnson that he cannot pursue unrelated

---

[1] If Johnson seeks a preliminary injunction in the future, he should not use a complaint form. He should instead submit a motion for preliminary injunction.

2

claims in a single case, the court will choose a claim for him. "A district judge [can] solve the problem by . . . dismissing the excess defendants under Fed. R. Civ. P. 21." *Wheeler*, 689 F.3d at 683. After considering the various allegations in the complaint, the court selects Johnson's allegations that he received inadequate mental health care from Dr. Wala to be addressed in this case. All other allegations will be excluded from consideration in this lawsuit.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson alleges that he suffers from mental health conditions and has a history of suicide attempts. He further alleges that Dr. Wala has refused to provide him with Wellbutrin, Buspar, and Seroquel, all of which were prescribed for his condition by a different provider at some point in the past. Johnson further indicates that he has asked to meet face-to-face with Dr. Wala, but she has refused to meet with him. Johnson asserts that this demonstrates deliberate indifference to his serious medical needs, but he does not provide any further information to support his conclusion. He does not describe the mental health symptoms he is currently experiencing. He does not indicate if he has sought treatment, outside of demanding that specific medications be provided.

3

He does not indicate whether he has been evaluated or treated by any mental health provider other than Dr. Wala. He does not describe any treatment that has been available to him. He does not even indicate when he was evaluated by Dr. Wala. He says he asked to see Dr. Wala, but he does not indicate when he made that request or what he wrote in the request.

Inmates are neither "entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997). Johnson's allegations against Dr. Wala in the amended complaint suffer from the same deficiencies as the allegations in his earlier complaint; they are far too vague. He will be granted one more opportunity to amend his complaint to include facts that permit a plausible inference that Dr. Wala was deliberately indifferent to his serious medical needs.

Until Johnson files an amended complaint that states a claim, preliminary injunctive relief cannot be granted. However, even if the complaint did state a claim, Johnson should be aware that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). If Johnson renews his motion for a preliminary injunction, he must explain how he meets each of these requirements.

For these reasons, the court:

(1) DISMISSES Dr. Liaw pursuant to Fed. R. Civ. P. 21.

(2) DENIES Christopher M. Johnson's motion for preliminary injunction (ECF 16);

(3) DIRECTS the clerk to put this case number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and send it to Christopher M. Johnson;

(4) GRANTS Christopher M. Johnson until **May 27, 2024**, to file an amended complaint addressing only his allegations regarding his mental health care on the form with this case number sent to him by the clerk; and

(5) CAUTIONS Christopher M. Johnson that, if he does not respond by the deadline, this case will be dismissed without further notice because the current complaint does not state a claim for constitutionally inadequate mental health treatment.

SO ORDERED on April 24, 2024.

    s/ *Holly A. Brady*  
    CHIEF JUDGE HOLLY A. BRADY  
    UNITED STATES DISTRICT COURT