UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER M. JOHNSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-1017-HAB-SLC |
| MONICA WALA, | |
| Defendant. | |

OPINION AND ORDER

Christopher M. Johnson, a prisoner without a lawyer, filed an amended complaint. ECF 19. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson's amended complaint names Monica Wala, Psy. D., as a defendant and alleges essentially the same facts as his earlier complaint, although he has now provided additional details. Johnson suffers from documented mental health conditions, including P.T.S.D., Major Depressive Disorder, and Generalized Anxiety Disorder. He further alleges that he has submitted more than thirty requests for mental health care, but Dr. Wala has refused to provide him with Wellbutrin, Buspar, and Seroquel, all of

which were prescribed for his condition by a different provider at some point in the past. Johnson further indicates that he has filed grievances. In response, he has been told that he will receive neither the previously prescribed medications nor any other medications for his conditions. He also has not received other forms of mental health care. Johnson indicates that he has lost 100 pounds and attempted suicide on multiple occasions. He has filed over fifty requests for protective custody because, without his medications, he feels like both staff and other inmates are attempting to kill him. He has nightmares and feels he is unstable without his medications.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from

accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Giving Johnson the benefit of all favorable inferences, as this court must at this stage of the case, he has stated a claim against Dr. Wala for deliberate indifference to his serious medical needs.

For these reasons, the court:

(1) GRANTS Christopher M. Johnson leave to proceed against Monica Wala, Psy. D., in her individual capacity for compensatory and punitive damages for deliberate indifference to his mental health needs, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Monica Wala, Psy. D., at Centurion Health of Indiana, LLC, with a copy of this order and the complaint (ECF 19);

(4) ORDERS Centurion Health of Indiana, LLC, to provide the full name, date of birth, and last known home address of the defendant, if she does not waive service and it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Monica Wala, Psy. D., to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 17, 2024.

                                              s/Holly A. Brady
                                              CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT