UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER M. JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> MONICA WALA, <br><br> Defendant. | CAUSE NO. 3:23-CV-1017-HAB |

OPINION AND ORDER

Christopher M. Johnson, a prisoner without a lawyer, is proceeding in this case "against Monica Wala, Psy. D., in her individual capacity for compensatory and punitive damages for deliberate indifference to his mental health needs, in violation of the Eighth Amendment[.]" ECF 22 at 3. On July 14, 2025, Dr. Wala filed a motion for summary judgment. ECF 55. With the motion, Dr. Wala provided Johnson the notice required by N.D. Ind. L.R. 56-1(f). ECF 58. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over two months ago, but Johnson still has not responded. Therefore, the court will now rule on Dr. Wala's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To be held liable for deliberate indifference to an inmate's medical needs, a medical professional must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Furthermore, a prisoner is not entitled to demand specific care, nor is he entitled to the "best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Where the

2

defendants have provided some level of care for a prisoner's medical condition, in order to establish deliberate indifference the prisoner must show that "the defendants' responses to [his condition] were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate treatment does not amount to an Eighth Amendment violation. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

Dr. Wala provides an affidavit and Johnson's medical records, which show the following facts:[1] During all relevant times, Dr. Wala was the lead psychologist at Westville Correctional Facility ("WCF"). ECF 55-1 at 1. Johnson arrived at WCF on August 2, 2022. ECF 55-1 at 2; ECF 55-2 at 1. One day later, he submitted a healthcare request form ("HCRF") requesting the medications Wellbutrin and Buspar. ECF 55-1 at 2; ECF 55-2 at 9. Dr. Wala responded to this HCRF by noting Johnson did not have an active prescription for those medications and was scheduled for his mental health intake assessment. *Id.* On August 10, 2022, Johnson had his mental health intake assessment with Mental Health Professional ("MHP") Elizabeth Clark and was referred by MHP Clark to a psychiatrist. ECF 55-1 at 3; ECF 55-2 at 13-19. On August 23, 2022, Johnson saw psychiatrist Dr. John Martin. ECF 55-1 at 3; ECF 55-2 at 29-34. Dr. Martin offered Johnson several medications for his mental health issues, but Johnson declined

---

[1] Because Johnson has not responded to Dr. Wala's summary judgment motion, the court accepts Dr. Wala's attestations and the contents of Johnson's medical records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

them. *Id.* Dr. Martin noted Johnson was not psychotic, not depressed, did not complain of anxiety or depression, and claimed to be allergic to every medication offered without explaining what symptoms he had when taking that medication. *Id.* Dr. Martin therefore did not prescribe any medication for Johnson. *Id.*

Following his appointment with Dr. Martin, Johnson continued to regularly submit HCRFs requesting Wellbutrin and Buspar. ECF 55-1 at 3-4; ECF 55-2 at 35-40, 64-65. Dr. Wala responded to these HCRF by scheduling Johnson for numerous group therapy sessions and appointments with MHP Clark. *Id.*; ECF 55-2 at 41-63, 70-86. In December 2022, Johnson was kicked out of group therapy for testing positive for methamphetamine and placed back on the waiting list. ECF 55-2 at 66. He was allowed back into group therapy in February 2023, but was kicked out again in March 2023 after he missed three consecutive meetings. *Id.* at 85-86.

On March 29, 2023, Dr. Wala consulted with MHP Clark, who had been treating Johnson in both individual and group therapy. ECF 55-1 at 4; ECF 55-2 at 87-98. They discussed Johnson's lack of engagement with mental health services and likely overreporting of his mental health symptoms, and concluded he presented only with personality issues and did not present with any true mental health symptoms. *Id.* They added a diagnosis of Anti-Social Personality Disorder to his chart, and noted he had no mental health concerns. *Id.* In June 2023, Johnson was referred for Addiction Recovery Services, but he refused them. ECF 55-1 at 6; ECF 55-2 at 99-100. Johnson continued submitting HCRF requesting Wellbutrin and Buspar, but Dr. Wala responded to these HCRF by noting Johnson did not describe any actual mental health symptoms and

4

informing him he did not meet the criteria for referral to a psychiatrist. ECF 55-1 at 5-6; ECF 55-2 at 108-11, 118-20, 127, 142. Dr. Wala also noted Johnson had been seen by mental health staff, had refused all medication offered, had a history of using illicit substances but had denied recovery services, and had not successfully completed his group therapy. *Id.* She advised him to discuss any mental health concerns during his next appointment with mental health staff. *Id.* Johnson continued to be seen by mental health staff throughout 2023 and 2024 until his release from WCF in June 2024. ECF 55-1 at 6-7; ECF 55-2 at 184-85, 189.

As a psychologist, Dr. Wala's role was to provide therapy, and she did not have the ability to prescribe medication to patients. ECF 55-1 at 2. If Dr. Wala had believed Johnson needed psychiatric medication, she would have referred him to a psychiatrist or psychiatric nurse practitioner to make that decision. *Id.* Dr. Wala never believed Johnson needed any mental health medication while he was at WCF, as he never presented with any mental health symptoms and Dr. Wala never observed any mental health symptoms that caused her to think he needed medication. *Id.* Johnson repeatedly demanded medications but would never answer when asked to describe his mental health symptoms. *Id.*

Here, no reasonable jury could conclude Dr. Wala denied Johnson constitutionally adequate medical care for his mental health needs. Specifically, it is undisputed Dr. Wala referred Johnson to a psychiatrist once and regularly referred him for treatment from MHP Clark, including both group and individual therapy sessions, and these experts concluded Johnson did not have legitimate mental health issues for

5

which he required medication. It is also undisputed Johnson refused Addiction Recovery Services and was removed from group therapy for missing three meetings in a row, which contributed to mental health staff's determination that he was not eligible for psychiatric medication. Because Johnson refused to participate in the treatment offered by mental health staff, no reasonable jury could conclude the treatment he received was inadequate or "plainly inappropriate." *See Hayes*, 546 F.3d at 524; *Rodriguez v. Briley*, 403 F.3d 952, 953 (7th Cir. 2005) (an inmate cannot be permitted to "engineer" a constitutional violation). Based on the evidence in the record, Johnson's belief that he should have been prescribed Wellbutrin and Buspar amounts to no more than a disagreement with medical staff, which is insufficient to show an Eighth Amendment violation. *See Williams v. Patton*, 761 F. App'x 593, 597 (7th Cir. 2019) ("a mere disagreement with a medical professional's otherwise reasonable treatment is not a basis for a constitutional claim"). Therefore, because no reasonable jury could conclude the treatment Dr. Wala provided Johnson for his mental health needs was "plainly inappropriate," summary judgment is warranted in favor of Dr. Wala.

For these reasons, the court:

(1) GRANTS Dr. Wala's motion for summary judgment (ECF 55); and

(2) DIRECTS the clerk to enter judgment in favor of Dr. Wala and against Christopher M. Johnson and to close this case.

SO ORDERED on November 5, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
